UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JONATHAN M. RANKINS, | ) |
| Plaintiff, | ) Civil Action No. 5: 24-168-DCR |
| v. | ) |
| P. DAVIS, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

The undersigned previously granted Plaintiff Jonathan M. Rankins's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court will now conduct a preliminary review of Rankins's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

On initial screening, a district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Rankins's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage of the proceedings, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Rankins alleges that Officer P. Davis "violated [his] rights by sticking [the officer's] fingers in [his] anus unlawfully" during an arrest on June 4, 2024, in Bourbon County, Kentucky. [Record No. 1 at p. 4] He further alleges that Officer Boyer "violated [his] rights

-1-

by putting [the officer's] canine inside [his] vehicle and stood by and [did] nothing to prevent Officer P. Davis from sexually assaulting [him] . . ." [*Id.*] As relief, Rankins seeks monetary damages totaling approximately $288,000,000. [*Id*. at p. 5]

Rankins's claims relate to ongoing state criminal proceedings pending in Bourbon County, Kentucky. According to a Criminal Complaint filed in the state proceedings, Rankins was stopped by police on June 4, 2024, after he was allegedly observed violating the terms of an active EPO/DVO and committing a traffic violation. *See Commonwealth v. Rankins*, No. 23-F-00108 (Bourbon Dist. Ct. 2024) (Criminal Complaint/Warrant/Summons).[1] The Criminal Complaint (signed by Officer Davis) further states that a large sum of cash was located in Rankins's front pocket; the Paris PD K-9 alerted to Rankins's vehicle; and several items were found inside Rankins's vehicle, including two clear baggies, one of which contained suspected fentanyl. *Id*. The Criminal Complaint further states that, "[u]pon speaking with [Rankins], he was believed to have suspected drugs clinched in his butt cheeks. [Rankins] would not cooperate and was transported to the Bourbon County Detention Center to be live scanned. [Rankins] then told Officer Boyer he had a small amount of drugs under his genitals. A small clear baggy with suspected cocaine was located where [Rankins] finally stated it was." *Id*.

Based upon these events, Rankins was charged with multiple state offenses in the Bourbon District Court which are currently pending before a grand jury, including violation of a Kentucky E.P.O/D.P.O, careless driving, failure to wear a seat belt, trafficking in a

---

[1] *See* https://kcoj.kycourts.net/CourtNet/Search/Index (accessed August 8, 2024). The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

controlled substance, second offense (carfentanil or fentanyl derivatives), and possession of drug paraphernalia. *See Commonwealth v. Rankins*, No. 24-F-00108, 24-F-00135, (Bourbon Dist. Ct. 2024). The criminal proceedings related to these charges, as well as other drug-related offenses also pending in Bourbon County, remain ongoing. *See Commonwealth v. Rankins*, No. 24-F-00108, 24-F-00135, 24-F-00136, 24-F-00137, 24-F-00138, 24-F-00139, 24-F-00140 (Bourbon Dist. Ct. 2024)

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that federal courts should not exercise jurisdiction over civil matters in any fashion that would interfere with ongoing state criminal prosecutions absent truly extraordinary circumstances. *Id*. at 44. The holding in *Younger* is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). "There are three requirements for proper invocation of *Younger* abstention: '(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (quoting *Sun Ref. & Mktg. Co. v. Brennan,* 921 F.2d 635, 639 (6th Cir. 1990) (citation omitted)).

The criminal charges against Rankins remain pending and he has not suggested that the state court would not give full and fair consideration to his constitutional claims as part of a defense to the charges against him. And due respect for the legal process in state courts precludes any presumption that state courts are unable or unwilling to safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982). Nothing in Rankins's complaint indicates the presence of any factor which

"render[s] the state court incapable of fairly and fully adjudicating the federal issues before it" as required to satisfy the "extraordinary circumstances" exception. *See Kugler v. Helfant*, 421 U.S. 117, 124 (1975). *Younger* abstention is therefore warranted and appropriate with respect to Rankins's claims. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001) (*Younger* abstention counsels federal court to refrain from adjudicating matter otherwise properly before it in deference to ongoing state criminal proceedings).

Considering Rankins' monetary damage claim, this Court will stay, rather than dismiss, this civil action. "[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996). Here, Rankins's "monetary demand is sufficient to warrant a stay and not dismissal in this case." *James v. Hampton*, 513 F. App'x 471, 476 (6th Cir. 2013). *See also Nimer v. Litchfield Tp. Bd. of Trustees,* 707 F.3d 699, 702 (6th Cir. 2013); *Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995) ("[T]he appropriate procedure, when abstaining under *Younger*, is to stay the proceedings rather than to dismiss the case without prejudice. Issuing a stay avoids the costs of refiling, allows the plaintiffs to retain their place on the court docket, and avoids placing plaintiffs in a sometimes difficult position of refiling their case before the statute of limitations expires.").

Even if staying (rather than dismissing) Rankins's claims eventually proves "an empty formality," *see Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir. 1998), Sixth Circuit precedent provides for Rankins's pending complaint to remain on the Court's docket. Litigation of the present matter will resume after the state proceedings are resolved. Because

abstention is clearly warranted in this case, the Court will defer further review of Rankins's claims under 28 U.S.C. §§ 1915 and 1915A until the stay is lifted.

Accordingly, it is hereby **ORDERED** as follows:

1. The Court **ABSTAINS** from further evaluating or adjudicating Rankins's complaint [Record No. 1] at this time. Subject to intervening orders, this matter is **STAYED** during the pendency of Rankins's state court criminal proceedings.

2. **Every ninety (90) days** (beginning 90 days from the date of this Order), Rankins must file a "Status Report" with this Court which includes a summary of the status of his state criminal case. The Statis Report also must state whether his criminal charges remain pending or have been resolved and, if they have been resolved, the nature of the resolution. **Failure to provide the Court with timely Status Reports providing the information outlined herein may result in this civil action being dismissed for failure to prosecute and failure to comply with a Court order.**

Dated:  August 9, 2024.

<u>Danny C. Reeves, Chief Judge</u>
United States District Court
Eastern District of Kentucky